*939 OPINION.
Littleton :
The taxpayer claims in this appeal that the land and building acquired by it from Charles R. Macaulay on August 1,1912, had a fair market value of $150,000 on that date; that the land had a fair market value of $10,000 and the building a fair market value of $140,000, on March 1, 1913, and that it is entitled to include the land and building in invested capital at $150,000, and in computing its net income for the year 1919, to deduct for depreciation of the building an amount equal to 3 per cent on the valuation of $140,000.
We are of the opinion that the contention of taxpayer as to the value of the land and building is well founded and should be sustained. The land was purchased by Charles R. Macaulay not later than 1905, at a cost of more than $10,000; the building was erected in 1905 and 1906, at a cost of more than $150,000 and was kept in good repair by Macaulay until August 1, 1912, when it was sold by him to the corporation for stock of the par value of $150,000. The evidence convinces us that the land and the building in question had fair market values of $10,000 and $140,000, respectively, on August 1, 1912, and March 1, 1913. Taxpayer should, therefore, be permitted to include in invested capital, on account of this land and this building, the amount of $150,000, and to deduct in the year 1919 for depreciation of the building an amount based upon a valuation of $140,000 for the building. The evidence, however, does not, in our opinion, substantiate taxpayer’s contention that a deduction for wear and tear, and exhaustion, should be allowed on the building at the rate of 3 per cent per annum. In view of the character of the building and the materials of which it is constructed, the conclusion is warranted that an allowance for depreciation at the rate of 2 per cent per annum is reasonable.